## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KRISSY RAMIN, ALIAS | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | C.A. No. 21-cv-00095-MSM-LDA |
| | : | |
| BROWN UNIVERSITY, | : | |
| *Defendant.* | : | |

### ANSWER OF DEFENDANT BROWN UNIVERSITY TO PLAINTIFF'S COMPLAINT

Defendant, Brown University ("Brown" or "Defendant"), hereby answers Plaintiff Krissy Ramin's ("Plaintiff") Complaint as follows:

1.      Admitted, upon information and belief.

2.      Admitted.

3.      The allegations in Paragraph 3 are admitted to the extent they allege that the Warren Alpert Medical School (the "Medical School") located in Providence, Rhode Island is a part of Brown University.  The allegations in Paragraph 3 are denied to the extent they allege that the Medical School is a separate and distinct defendant from Defendant Brown University.

4.      The allegations contained in Paragraph 4 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

5.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies same.

6.      The allegations in Paragraph 6 are admitted to the extent they allege the Plaintiff matriculated to the Medical School in 2008.  Denied that the Plaintiff "was admitted" to the Medical School in 2008.

7.      Admitted the Plaintiff was dismissed from the Medical School on or about June 20, 2011.  The remainder of the allegations in Paragraph 7 are denied.

1

8.      Denied.

9.      Admitted.

10.      Admitted that Brown responded to the Plaintiff by e-mail on September 30, 2016. The remainder of the allegations in Paragraph 10 are denied as stated.

11.      Denied.

12.      The allegations in Paragraph 12 are denied as stated, as the Plaintiff was not eligible to apply for admission.

13.      Admitted.

14.      The allegations in Paragraph 14 are denied as stated.

15.      The allegations in Paragraph 15 are denied as stated.

16.      The allegations in the first sentence of Paragraph 16 are admitted to the extent they allege the Plaintiff was denied admission to the Brown School of Public Health in April 2018; the remainder of the allegations in the first sentence are denied.  Admitted that Plaintiff attended Brown's undergraduate program.  The allegation regarding a 3.58 GPA is denied, as Brown does not calculate GPAs.

17.      The allegations in the first sentence of Paragraph 17 are denied.  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and therefore denies same.

18.      Denied.

19.      Denied.

20.      Denied.

21.      Denied.

22.      Denied.

WC55064

23.     Admitted that the Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights.  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 that Plaintiff received a Notice of Right to Sue and therefore denies same.  The remainder of the allegations in Paragraph 23 are denied.

24.     Denied.

25.     Denied.

26.     Denied that the Plaintiff suffered damages and injuries.  The remainder of the allegations contained in Paragraph 26 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

The paragraph of the Complaint beginning: "PRAYER FOR RELIEF" does not contain factual allegations to which a response is required. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Plaintiff has failed to bring the action within the applicable statutes of limitations and the action is barred.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff failed to comply with the statutory administrative prerequisites to filing suit. The action is barred and/or the Court lacks subject matter jurisdiction.

WC55064

**FOURTH AFFIRMATIVE DEFENSE**

Brown did not discriminate against Plaintiff based on any alleged disability in violation of the Rhode Island Civil Rights Act or the Equal Rights to Public Facilities Act.

**FIFTH AFFIRMATIVE DEFENSE**

All educational decisions concerning Plaintiff were based on valid, nondiscriminatory grounds and were not the result of any intention or purpose, past or present, to discriminate unlawfully against Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was not excluded from participating in educational services based on her alleged disability.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff sought an accommodation, Brown reasonably accommodated Plaintiff based on her alleged disability in compliance with applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff is found to have requested an accommodation that was denied by Brown, such accommodation was unreasonable.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to comply with applicable appeal procedures available at the time of her dismissal from Brown.

**TENTH AFFIRMATIVE DEFENSE**

Brown's decisions with respect to Plaintiff were not arbitrary, capricious, in bad faith, or lacking any discernable rational basis.

WC55064

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not otherwise qualified to participate in the graduate programs at the Medical School or the School of Public Health due to her failure to demonstrate academic proficiency, with or without a reasonable accommodation.  Neither the Rhode Island Civil Rights Act or the Equal Rights to Public Facilities Act impose a requirement upon an educational institution to lower or to effect substantial modifications of standards to accommodate a person with a disability.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent her alleged damages, if any, were proximately caused by or contributed to by acts, omissions, assumptions, misunderstandings, mistakes, and/or breaches of other legal duties of Plaintiff, with no contribution from Brown.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by Plaintiff's failure to mitigate damages (if any).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's reasonable-accommodation claim fails to the extent that she never properly requested the alleged accommodation(s).  Plaintiff did not communicate to Brown a reasonable accommodation that would have allowed her to perform and meet program requirements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Brown did not wrongfully deprive Plaintiff of a degree.

WC55064

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief fail because they are not reasonable modifications of the policies and services that Brown provides.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff requested an accommodation, the request subjected Brown to a fundamental alteration of its program.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to demonstrate that a remedy in equity is warranted, that the grant of injunctive relief would be equitable, or that the balance of hardships tips in her favor.

## TWENTIETH AFFIRMATIVE DEFENSE

Brown did not substantially depart from its norms or fail to use its professional judgment when exercising its rights on matters of academic judgment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not disabled within the meaning of the Rhode Island Civil Rights Act or the Equal Rights to Public Facilities Act.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff does not have standing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not within the zone of interests for the Equal Rights to Public Facilities Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Brown's decisions at issue in the Complaint are protected by the doctrine of academic freedom.

WC55064

## <u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

Brown reserves the right to amend or add additional affirmative defenses which may become known during the course of discovery.

WHEREFORE, Defendant Brown University respectfully requests that the Court:

(a)      find for Brown on all of Plaintiff's claims;

(b)      dismiss Plaintiff's Complaint in its entirety, with prejudice, and enter judgment in favor of Brown on all counts in the Complaint;

(c)      deny each demand and prayer for relief contained in the Complaint;

(d)      award Brown costs and reasonable attorneys' fees; and

(e)      grant such other and further relief as the Court deems just and proper.

Defendant,

BROWN UNIVERSITY,

By its Attorneys,

*/s/ Joseph D. Whelan*
*/s/ Timothy K. Baldwin*
Joseph D. Whelan (#5694)
Timothy K. Baldwin (#7889)
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite710
Providence, RI  02903
401-270-4500
jwhelan@whelancorrente.com
tbaldwin@whelancorrente.com

Michael D. Grabo (#6871)
BROWN UNIVERSITY
Office of the General Counsel
Box 1913
Providence, RI  02912
401-863-3122
michael_grabo@brown.edu

WC55064

Dated:  March 5, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2021, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Timothy K. Baldwin*

WC55064